**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3138
_____

UNITED STATES OF AMERICA

v.

CLIFTON JUNIUS,
also known as Max,
also known as Tyjae,
also known as Tyjae Ravenell,
also known as Tyjae Jenkins,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:01-cr-00457-005)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2022

Before:  MCKEE, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 25, 2022)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner Clifton Junius appeals pro se from the District Court's decision denying his motion for compassionate release filed under 18 U.S.C. § 3582(c)(1)(A). The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

I.

In 2003, the District Court sentenced Junius to 40 years in prison and 10 years of supervised release after he pleaded guilty to (1) conspiracy to distribute more than 50 grams of cocaine base and (2) murder in furtherance of a continuing criminal enterprise. According to the Bureau of Prisons' publicly available inmate-locator website, see https://www.bop.gov/inmateloc/, Junius's projected release date, after accounting for possible good-conduct credit, is in 2033. In 2020, after exhausting his administrative remedies, he filed in the District Court a pro se motion for compassionate release. That motion, which the Government opposed, alleged that if he were to contract the COVID-19 virus, his various medical conditions would put him at increased risk for serious illness or death.

The District Court referred Junius's motion to a United States Magistrate Judge, who issued a report recommending that the District Court deny the motion for two

---

[1] We also grant the Government's (1) request for leave to file its motion for summary affirmance and (2) request to be excused from filing a brief.

2

reasons. First, because Junius had received the Moderna COVID-19 vaccine, his case failed to present "extraordinary and compelling reasons" for a sentence reduction. Second, the applicable 18 U.S.C. § 3553(a) factors in his case did not weigh in favor of a reduction. On November 3, 2021, the District Court overruled Junius's objections to the report, adopted the report in full, and denied Junius's motion for compassionate release. This timely appeal followed.[2]

II.

A district court may grant compassionate release if it finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) the applicable § 3553(a) factors do not counsel against a reduction, and (3) a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see United States v. Pawlowski, 967 F.3d 327, 329 & n.6 (3d Cir. 2020). We review a district court's denial of compassionate release for abuse of discretion. See Pawlowski, 967 F.3d at 330. Under this deferential standard, "we will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration in original) (internal quotation marks omitted). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

In this case, we see no reason to disturb the District Court's conclusion that a balancing of the applicable § 3553(a) factors warranted denying Junius's motion for compassionate release.[3]  Junius has a "serious criminal history," as "he participated in the distribution of large amounts of crack cocaine and committed a murder in exchange for $5,000 and a partnership in the ongoing criminal enterprise." (Mag. J. Report 10.) Additionally, he still has over 10 years left until his projected release date.  See Pawlowski, 967 F.3d at 331 (explaining that the length of time remaining on the movant's sentence "may—along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with [the § 3553(a)] factors").  "Given this background," the District Court concluded that "it is clear that Junius's characteristics, the seriousness of his offenses, and the need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public all weigh heavily against Junius's release." (Mag. J. Report 10.)  And while the District Court "commend[ed] Junius for his rehabilitation effort [while in prison]," it concluded that this rehabilitation "is insufficient to overcome those factors that weigh heavily against his release." (Id. at 11.)  The District Court did not commit "a clear error

---

[3] In view of our determination regarding the District Court's balancing of the § 3553(a) factors, we need not decide whether Junius presented "extraordinary and compelling reasons" for a sentence reduction.

of judgment" in reaching this conclusion.  See Pawlowski, 967 F.3d at 330.

Because this appeal does not present a substantial question, we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's November 3, 2021 order denying Junius's motion for compassionate release.  See 3d Cir. I.O.P. 10.6.